UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARQUA MCCOY, #711561,

    Plaintiff,

v.

TODD BASTIAN, et al.,

    Defendants.
_____/

Case No. 2:23-cv-48

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses the motion to dismiss filed by Defendants Bradley Haynie and Eric Stromer.[1] (ECF No. 20.)

Plaintiff — state prisoner Marqua McCoy — filed suit pursuant to 42 U.S.C. § 1983 on March 20, 2023.  In his verified complaint, McCoy alleged that while he was incarcerated at the Baraga Correctional Facility (AMF) in Baraga, Michigan, AMF employees Todd Bastian, Eric Stromer, Unknown Coronado, B. Holley, and Bradley Haynie retaliated against him, in violation of his First Amendment rights.  (ECF No.

---

[1]  Curiously, Defendants' motion is entitled "MDOC Defs. Stromer & Haynie's Motion to Dismiss and for Summary Judgment on the Basis of Exhaustion." (ECF No. 20, PageID.63.) Defendants' brief in support is entitled "MDOC Defs. Stromer & Haynie's Brief in Motion to Dismiss [sic] and for Summary Judgment on the Basis of Exhaustion." (ECF No. 21, PageID.65.) Yet Defendants' brief contains no mention of exhaustion. The undersigned therefore understands Defendants' filing to constitute only a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

1, PageID.6.) More specifically, McCoy alleged that after he started filing grievances at the facility, Defendants harassed him, threatened him, issued false misconduct tickets against him, and interfered with the reduction of his security classification. (*Id.*, PageID.3-6.)

Defendants Stromer and Haynie now moves to dismiss McCoy's claims against them on the grounds that McCoy failed to state a claim against them. More specifically, Defendants argue that McCoy's complaint does not allege that they were personally involved in the violation of his First Amendment rights. (ECF No. 21, PageID.72-73.) McCoy did not respond.

The undersigned respectfully recommends that the Court grant Defendant Haynie and Defendant Stromer's motion to dismiss. (ECF No. 20.) In the undersigned's opinion, McCoy's complaint states at most conclusory allegations against Defendants Haynie and Stromer. McCoy's complaint therefore fails to state a claim against the defendants.

## II. Factual Allegations

McCoy says that on April 8, 2022, Defendant Bastian approached his cell door to talk to McCoy about a package. (ECF No. 1, PageID.3.) While they were speaking, McCoy says that Bastian stated: "I hope you don't plan on filing anymore stupid grievances." Bastian allegedly told McCoy that if he did file more grievances, Bastian or one of his co-workers would put McCoy in administrative segregation. (*Id.*) McCoy says that he filed a grievance regarding this conversation.

On April 15, 2022, McCoy says that he spoke with Defendant Bastian again. This time, McCoy and Bastian were supposed to discuss a Notice of Intent that McCoy had received. (*Id.*, PageID.4.) Instead, Bastian "abruptly changed the conversation" to discuss McCoy's recent grievances. Bastian allegedly told McCoy to "stop writing grievances because most of them were stupid and had no merit." (*Id.*) During this encounter, Bastian specifically referenced an April 7, 2022 grievance that McCoy had written against Bastian for reading McCoy's legal materials. After the conversation ended, McCoy says that he filed yet another grievance. (*Id.*) McCoy says that during the investigation into this grievance, Bastian admitted that he had confronted McCoy about his grievances but claimed that it was only to remind McCoy that policy required him to attempt resolution with staff before turning to the grievance process.

McCoy says that on April 23, 2022, Defendant Holley approached his cell and told McCoy to take his jacket off of the cell window. (*Id.*) After McCoy only partially removed the jacket from the window, Holley approached again and told McCoy to take the entire jacket off of the window. McCoy says that he apologized and removed the entire jacket, but that Holley began to whisper to him, stating: "Don't worry you keep writing grievances on my coworkers now it's my time to get you. I'm going to hit you were [sic] it hurts." (*Id.*) McCoy says that he filed a grievance regarding this interaction, but that on the same day, Holley issued a false misconduct ticket against him for threatening behavior. (*Id.*, PageID.4-5.) In that ticket, Holley alleged that McCoy had "[w]alked towards the back window then turned around with direct eye contact and with a clenched right fist said [']I'm going to take the jacket down. I am

3

going to take you down and you['re] never going to get up.[']" (*Id.*, PageID.5.) McCoy says that he was placed in administrative segregation on the same day based on Holley's allegations.

McCoy further claims that while in segregation on April 23, 2022, Defendant Coronado approached his cell. (*Id.*) According to McCoy, Coronado asked whether McCoy knew why he was in segregation, and when McCoy responded in the negative, Coronado stated: "[B]ecause you're a n— who writes grievances, next we'll steal your property." McCoy says that he again authored a grievance relating to this interaction. (*Id.*)

McCoy next alleges that on April 26, 2023, he received his security classification screen review. McCoy says that Defendant Bastian "who previously threatened to delay plaintiff's proper classification to a lower security conspired with defendants Bradley[2] and Hayine [sic] to delay Plaintiff's security classification to a lower security." (*Id.*) McCoy again filed a grievance.

Finally, on May 9, 2022, McCoy says that he was heard on the April 23, 2022, threatening behavior misconduct ticket. McCoy says that he alleged the ticket was retaliatory, but that the charges were nonetheless upheld. (*Id.*)

---

[2] McCoy did not name a Defendant Bradley in his complaint. However, Defendant Haynie's first name is Bradley.

4

Based on the foregoing allegations, McCoy purports to set forth a claim of retaliation against Bastian, Stromer, Coronado, Holley, and Haynie. (*Id.*, PageID.6.)

### III.  Dismissal Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so

long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

Where, as here, the plaintiff proceeds pro se, the Court must read the complaint indulgently. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## IV. Analysis

As set forth above, Defendants Haynie and Stromer aver that McCoy's complaint did not set forth sufficient factual allegations to state a claim against them. (ECF No. 21, PageID.72-73.) McCoy did not respond. In the opinion of the undersigned, Defendants Haynie and Stromer are correct.

McCoy's "statement of facts" does not contain a single allegation against Defendant Stromer, let alone "direct or inferential allegations respecting all the material elements" of McCoy's retaliation claim against him. *Bredesen*, 500 F.3d at 527; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (setting forth the three elements of a retaliation claim: (1) protected conduct, (2) adverse action, and (3) retaliatory motive). The first place that McCoy mentions Stromer, other than his list of defendants, is his claim for relief. (ECF No. 1, PageID.6.) There, McCoy simply states that "by virtue of the foregoing," the foregoing being his statement of facts, Stromer and the other named defendants retaliated against him in violation of his First Amendment rights. (*Id.*) When individuals are named as defendants without allegations of specific conduct, claims against them are subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *Griffin v. Montgomery*,

No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

As for Defendant Haynie, McCoy's complaint contains but one allegation, and that allegation is entirely conclusory; McCoy alleges that Defendant Haynie "conspired" with Defendant Bastian to delay the reduction of McCoy's security level. (ECF No. 1, PageID.5.) As recognized by our sister court, "[m]ere conclusory allegations of conspiracy (*i.e.,* a bare allegation that defendants "conspired" with each other) are insufficient to state a claim [of civil conspiracy]." *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 774 (E.D. Mich. 2013) (citing *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997)). And as to the material elements of a First Amendment retaliation claim, McCoy's single allegation does not suggest that Haynie was aware of McCoy's earlier protected conduct, or motivated by that conduct when Haynie participated in McCoy's security classification screen review.

## V.    Recommendation

For the foregoing reasons, the undersigned respectfully recommends that Court grant Defendant Haynie's and Defendant Stromer's motion to dismiss. (ECF No. 20.)

If the Court accepts this recommendation, Defendants Haynie and Stromer will be dismissed from this case. McCoy's retaliation claims against Defendants Bastian, Coronado, and Holley will remain.

Dated:  October 12, 2023                           /s/ *Maarten Vermaat*
                                                   MAARTEN VERMAAT
                                                   U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).